IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 11-22842-CIV-SEITZ/SIMONTON

EURYS GAMEZ,

       Plaintiff,

vs.

ACE AMERICAN INSURANCE
COMPANY,
       Defendant.
_____/

## ACE AMERICAN INSURANCE COMPANY'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO THE PLAINTIFF'S COMPLAINT

## AND

## DEFENDANT/COUNTER-PLAINTIFF ACE AMERICAN INSURANCE COMPANY'S COUNTER-CLAIM FOR RESCISSION OF THE INSURANCE POLICY

COMES NOW, the Defendant, ACE AMERICAN INSURANCE COMPANY ("ACE"), by and through its undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, and hereby files its Amended Answer and Affirmative Defenses to Plaintiff's Complaint and states as follows:

1.    After having made reasonable inquiry, Defendant states that the information known or readily obtainable is insufficient to allow Defendant to admit or deny.

2.    Admitted to the extent that ACE AMERICAN INSURANCE COMPANY is an out of state citizen, and is a company authorized to do business in the state of Florida. Denied as to the remaining allegations.

3. Admitted that there is complete diversity between the parties, and that Plaintiff purportedly seeks damages in excess of the jurisdictional limits, however, denied to the extent that this Defendant is in any way liable to the Plaintiff, and denied as to the remaining allegations.

## GENERAL ALLEGATIONS

4. Admitted to the extent that a Policy was issued, and the Policy at issue speaks for itself. Denied as to the remaining allegations.

5. Admitted to the extent that a Policy was issued, and the Policy at issue speaks for itself. Denied as to the remaining allegations

6. Admitted to the extent that a Policy was issued, and the Policy at issue speaks for itself. Denied as to the remaining allegations

7. Admitted to the extent that a Policy was issued, and the Policy at issue speaks for itself. Denied as to the remaining allegations

8. After having made reasonable inquiry, Defendant states that the information known or readily obtainable is insufficient to allow Defendant to admit or deny.

9. Denied.

WHEREFORE, by reason of the foregoing, the Defendant, ACE AMERICAN INSURANCE COMPANY, respectfully requests the Court dismiss the Plaintiff's Amended Complaint with prejudice and award such further relief deemed just and appropriate.

## COUNT I- BREACH OF CONTRACT

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. The allegations not specifically admitted in paragraphs 1-16 herein are denied.

WHEREFORE, by reason of the foregoing, the Defendant, ACE AMERICAN INSURANCE COMPANY, respectfully requests the Court dismiss the Plaintiff's Amended Complaint with prejudice and award such further relief deemed just and appropriate.

## **AMENDED AFFIRMATIVE DEFENSES**

The Defendant, ACE AMERICAN INSURANCE COMPANY, affirmatively alleges and specifically states as follows:

1. As and for its First Affirmative Defense, Defendant affirmatively alleges the defense of *uberrimae fidei*. Plaintiff violated the maritime doctrine of *uberrimae fidei*, thereby providing grounds for rescission of the applicable policy of insurance. Plaintiff violated the doctrine of *uberrimae fidei* by withholding information from ACE by intentionally misrepresenting yourself (Plaintiff) as the owner and primary operator of the Vessel on the application of Insurance. Plaintiff also violated the doctrine of *uberrimae fidei* by misrepresenting that the real owner of the Vessel was, Alfredo Hassun. Plaintiff violated the doctrine of *uberrimae fidei* by failing to disclose to ACE that Mr. Hassun

prepared the insurance application, paid for the insurance, made the majority of the payments on the Vessel, kept the vessel at his home, and was the primary owner of the Vessel.  Plaintiff also violated the doctrine of *uberrimae fidei* by concealing the Vessels loss history from ACE by concealing a false police report from ACE and omitted material facts in that report.  Plaintiff's concealment of the above-mentioned events and occurrences constitutes a failure to deal with the utmost good faith thereby voiding the applicable policy of insurance.

2. As for its Second Affirmative Defense, Defendant affirmatively asserts that Plaintiff committed fraud and that Plaintiff's recovery is barred by the doctrine of unclean hands as Plaintiff knowingly and intentionally concealed and misrepresented material facts and circumstances.  Specifically, Plaintiff submitted a fraudulent Insurance Application (ID 140531) on October 22, 2007.  The next day, the Plaintiff requested that the liability coverage be raised from $100,000 to $300,000. The Application listed the Plaintiff as the primary operator of the Vessel and his residence as the location of the Vessel.  Plaintiff failed to indicate in the Application of Insurance that his cousin, Mr. Alfredo Hussun, was the rightful owner and operator of the Vessel paying the lion's share of the Vessel's financing.  Further, Plaintiff failed to inform the Defendant that the Vessel was going to be stored on Mr. Hussun's property and not at the Plaintiff's residence listed on the Application. These fraudulent misrepresentations directly affected the Insurers ability to evaluate coverage and whether to provide such coverage.  The Plaintiff's fraudulent actions were discovered and further admitted by the Plaintiff during his Examination Under Oath conducted on March 3, 2008.

Plaintiff failed to timely report the Vessel as missing and testified during his EUO that he first became aware that the Vessel was lost "on November 24, 2007." The Plaintiff did not timely report the Vessel missing or stolen until January 29, 2008, even though he knew the Vessel was missing for several months. The Plaintiff provided misstatements to the Insurer at his EUO that Mr. Hussun reported the Vessel lost at sea to the U.S. Coast Guard on "November 26, 2007." However, telephone recordings from the U.S. Coast Guard indicate that the call regarding a missing vessel was actually placed December 7, 2007 to the US Coast Guard, and that there was no records of a previous call on November 26, 2007. Furthermore, telephone recordings on or about December 8, 2007, from the USCG to Mr. Hussun, substantiate that the Vessel was not the Plaintiff's as Mr. Hussun stated "he just signed for it the boat is mine." In a separate telephone call with the U.S. Coast guard the Plaintiff also confessed that the Vessel was owned by Mr. Hussun.[1]

After the Plaintiff reported the Vessel lost at sea he filed a false Police Report. Plaintiff never informed the Defendant of the existence of false Police Report that he filed on the Vessel. The Police Report dated January 11, 2008, stated that "the Vessel was stolen when unknown suspects entered the rear cartilage via the fence door and unlawfully while inside took the boat and trailer from the rear cartilage and fled in an unknown direction." Plaintiff failed to disclose to the Defendant the circumstances surrounding the Police Report, and made further made false misrepresentations and omissions regarding the content of the Police Report.

---

[1] Plaintiff reported a second vessel stolen a 36' Glasstream powerboat (GDJ003003L607) stolen by an unknown number of persons from its slip at 7601 East Treasure Drive, North Bay Village, Florida, that allegedly took place between 12/4/07-12/22/07.

On January 29, 2008, the Plaintiff placed Defendant on notice of the loss of the Vessel, stating that he loaned the Vessel to a friend, Mr. Suarez, and that he reported the missing Vessel to the U.S. Coast Guard.  On January 30, 2008, the Plaintiff represented to Defendant that he loaned the Vessel to Mr. Suarez on November 24, 2007 and when he didn't return, the Plaintiff contacted the U.S. Coast Guard on November 26, 2007, who then launched a search and rescue operation.

Defendant affirmatively alleges that Plaintiff failed disclose and had knowledge of the alleged condition of the Vessel and its whereabouts for an extended period of time, and as such, is barred from recovery as a matter of law.  Plaintiff knew of the condition of the Vessel and the cause of same and failed to truthfully disclose the whereabouts of the Vessel.  Plaintiff made fraudulent and willful misrepresentations in the Application of Insurance, failed to disclose the real owner of the Vessel, and the location where the Vessel was being stored.

The applicable policy contains a provision which specifically voids coverage if an insured conceals facts, misrepresents facts, or commits fraud.  Without limitation, that provision states as follows:

> **Part G: PERSONAL PROEPRTY COVERAGE**
>
> **GENERAL CONDITIONS AND EXCLUSIONS**
>
> **CONCEALMENT, MISREPRESENTATION OR FRAUD:**  All coverage provided by us will be voided from the beginning of the Policy Period if you intentionally conceal or misrepresent any material fact or circumstance relating to this contract of insurance, or the application of such insurance, whether before or after a loss.
>
> **DISHONEST, ILLEGAL OR INTENTIONAL ACTS**: We do not pay for loss or damage caused by the dishonest, illegal or intentional acts of any covered person, or any

>person to whom your insured property is entrusted, regardless of whether or not such person is convicted of such an act by a criminal court.

(Policy No. YKR Y10144097 at p. 9).

Plaintiff violated the above provisions by concealing and misrepresenting material facts and circumstances related to the contract of insurance and the Application for Insurance. Therefore, the Policy is void.

3. As and for its Third Affirmative Defense and/or in the alternative, Defendant asserts that Plaintiff failed to mitigate his damages. Specifically, the Plaintiff had knowledge that Mr. Hussun loaned the Vessel to another man and failed to expeditiously retrieve the Vessel.

4. As for its Fourth Affirmative Defense, Defendant affirmatively alleges that Plaintiff has failed to join indispensable parties. Specifically, Mr. Alfredo Hassun and Mr. Alexis Suarez are indispensible parties. Mr. Hassun loaned the Vessel to his friend, Mr. Suarez, who then disappeared along with the Vessel which caused said damage.

5. As and for its Fifth Affirmative Defense, Defendant affirmatively alleges that Plaintiff breached the terms, conditions, and limitations of the Insurance Policy at issue. Specifically, the conditions under the Policy related to Proof of Loss and Assistance and Cooperation of the claim. Plaintiff failed to timely report the Vessel as missing and testified during his EUO that he first became aware that the boat was lost "on November 24, 2007." The Plaintiff did not timely report the Vessel missing or stolen until January 29, 2008, when he knew the Vessel was missing for several months. The Plaintiff provided misstatements to the Defendant at his EUO that Mr. Hussun reported

the Vessel lost at sea on "November 26, 2007." However, telephone recordings from the U.S. Coast Guard indicate that the call regarding a missing vessel contradicts this testimony as the call was fist was placed December 7, 2007 to the U.S. Coast Guard, and that there were no records of a previous call on November 26, 2007. Furthermore, telephone recording from the U.S. Coast Guard to Mr. Hussun on or about December 8, 2007, substantiated that the Vessel was not the Plaintiff's. In a separate telephone call with the U.S. Coast Guard the Plaintiff stated "I just signed for the boat, you have to ask Alfredo Hussun."

After the Plaintiff reported the Vessel lost at sea, he filed a false Police Report. Plaintiff never informed the Defendant of the existence of a false Police Report that he filed on the Vessel. A Police Report dated January 11, 2008, filed by the Plaintiff stated that "the Vessel was stolen when unknown suspects entered the rear cartilage via the fence door and unlawfully while inside took the boat and trailer from the rear cartilage and fled in an unknown direction." Plaintiff failed to disclose to the Defendant the circumstances surrounding the Police Report, and made false statements regarding the content of the Police Report. The Plaintiff made no mention of Mr. Hussun, Mr. Suarez or the Dinner Key boat ramp in the aforementioned Police Report.

On January 29, 2008, the Plaintiff placed Defendant on notice of the loss of the Vessel, stating that he loaned the Vessel to a friend, Mr. Suarez and same was reported to the USCG as missing and never recovered. On January 30, 2008, the Plaintiff represented to ACE that he loaned the Vessel to Mr. Suarez on November 24, 2007, and when he didn't return the Plaintiff contacted the USCG on November 26, 2007, which launched a search and rescue operation. Plaintiff did not provide the Defendant with a

Sworn Proof of Loss until September 9, 2008, eight months after the claim was filed, and ten months after the Vessel allegedly went missing.

Defendant affirmatively alleges that Plaintiff failed disclose and had knowledge of the alleged condition of the Vessel and its whereabouts for an extended period of time. As such, Plaintiff is barred from recovery as a matter of law. Plaintiff knew of the condition of the Vessel and the cause of same, and failed to truthfully disclose the whereabouts of the Vessel. Plaintiff made fraudulent and willful misrepresentations in the Application of Insurance, failed to disclose the real owner of the Vessel, and the location of the Vessel.

The Policy stated in part:

> **PART G: PERSONAL PROPERTY COVERAGE-**
>
> **GENERAL PROVISIONS IN THE EVENT OF LOSS**
>
> **PROOF OF LOSS**: You must file with us or our authorized agent, as soon as possible after our written request, a detailed proof of loss signed and sworn to by you setting forth to the best of your knowledge, the facts of the loss. We may also require you submit to an examination under oath….
>
> **ASSISTANCE AND COOPERATION:** Any person making a claim must: cooperate with us in the investigation, settlement or defense of any claim or suit under thus policy.

(Policy No. YKR Y10144097 at p. 9-10).

Plaintiff failed to follow the terms and conditions under the Policy by failing to comply with the aforementioned provisions, and, as such Plaintiff's material breach would cause the Defendant to suffer damages. .

6. As and for its Sixth Affirmative Defense, Defendant affirmatively alleges that Plaintiffs recovery is barred by the doctrine of substantial performance. Plaintiff has failed to faithfully and truthfully disclose information on the Insurance Application, a condition precedent to coverage, and to comply with the requirements of the Policy under Part G: GENERAL CONDITIONS AND EXLUSIONS regarding Concealment, Misrepresentation, or Fraud, and under GENERAL PROVISONS IN THE EVENT OF LOSS- Subsections pertaining to Notice of Loss, Proof of Loss and Assistance and Cooperation. Plaintiff filed a false Police Report on January 11, 2008 claiming that the Vessel under the Policy was stolen from his residence between 11/23/07-11/24/07 by unknown persons that fled in an unknown direction. Plaintiff was questioned about the false Police Report as his EUO. Plaintiff was asked "so this, this report of it being stolen, the details in this report would not have been accurate?" Plaintiff responded "that is not accurate." (GAMEZ EUO TRANSCRIPT at p. 33, lines 10-13).

7. As and for its Seventh Affirmative Defense, Defendant affirmatively alleges that Plaintiffs breach triggers the <u>exclusions</u> incorporated into the of the Policy, making the Policy void at its inception. Therefore, no coverage is afforded under following Policy provisions:

> **PART G: PERSONAL PROPERTY COVERAGE-**
>
> **GENERAL CONDITIONS AND EXCULSIONS**
>
> **CONCEALMENT, MISREPRESENTATION OR FRAUD:** All coverage provided by us <u>will be voided</u> from the beginning of the Policy Period if you intentionally conceal or misrepresent any material fact or circumstance relating to this contract of insurance, or the application of such insurance, whether before or after a loss.

**DISHONEST, ILLEGAL OR INTENTIONAL ACTS**:
We do <u>not pay</u> for loss or damage caused by the dishonest, illegal or intentional acts of any covered person, or any person to whom your insured property is entrusted, regardless of whether or not such person is convicted of such an act by a criminal court.

**GENERAL PROVISIONS IN THE EVENT OF LOSS**

**NOTICE OF LOSS:** You must report in writing to us, or our authorized agent, as soon as possible after the occurrence of any accident, loss, damage or expense that may be covered under the policy…You are also required to notify the police and file a police report as soon as you are aware that your property has been stolen or vandalized. <u>If you do not provide the notice to us as required by this section as soon as possible, any claim for such loss under the policy will be voided.</u>

(Policy No. YKR Y10144097 at p. 9).

The Plaintiff's acts and omissions have triggered the exclusionary language cited above as Plaintiff, intentionally withheld information from Defendant by intentionally misrepresenting (himself Plaintiff) as the owner and primary operator of the Vessel on the Application of Insurance. Plaintiff misrepresented that he was the real owner of the Vessel. Plaintiff failed to disclose to Defendant that Mr. Hassun prepared the Insurance Application, paid for the insurance, and made the majority of the payments on the Vessel. Further, Plaintiff failed to disclose that Mr. Hussun kept the vessel at his home, and was the primary owner of the Vessel. Plaintiff never indicated that another individual was going to operate the Vessel on the Application. Furthermore, Plaintiff executed the Application and submitted same to the Defendant knowing he intentionally provided false information. Plaintiff concealed the real loss history from Defendant by concealing the existence of a false Police Report dated January 11, 2008 that indicated the Vessel was stolen from behind his residence.

Plaintiff failed to timely report the loss of the Vessel on November 24, 2007, and instead waited until January 29, 2008 to advise the Defendant that the Vessel was stolen. Plaintiff admitted during his EUO that he falsified the Insurance Application by acknowledging that he was not the rightful owner as stated on the Application. Plaintiff also admitted that the Police Report he filed on January 11, 2008 was inaccurate. Plaintiff provided false information to the U.S. Coast Guard and ACE during the investigation of the Vessel. Plaintiff indicated to the U.S. Coast Guard that the trailer and vessel did not have the same owner which later turned out to be false. Plaintiff provided inconsistent statements to the U.S. Coast Guard regarding telephone calls to Mr. Suarez the missing person on the Vessel. Telephone records indicate that the Plaintiff received two telephone calls from Mr. Suarez several days after the Vessel was allegedly missing on November 28, 2007 and December 4, 2007.

8.     As and for its Eighth Affirmative Defense, Defendant affirmatively alleges that there were sufficient intervening and superseding causes, including the negligence of other persons, parties, or entities, to which this Defendant had no control. In accordance with section 768.81, Florida Statutes, the Defendant is entitled to an apportionment of fault and apportionment of damages, and any other non-parties are presently unknown but may be revealed during the normal course of discovery in accordance with the *Fabre* and *Nash* decisions. *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993); *Nash v. Wells Fargo*, 678 So.2d 1262 (Fla. 1996). Specifically, that Plaintiff was not the actual owner of the Vessel, that the Policy was fraudulently procured for Plaintiff's cousin, Alfredo Hassun, who allegedly loaned the Vessel to his friend, Alexis Suarez, and then the Vessel and the

operator were missing for an unspecified period of time.  These other persons were the intervening and superseding causes of the negligence and damages to the Vessel.

9. As and for its Ninth Affirmative Defense, Defendant affirmatively alleges that Plaintiff has not satisfied the terms and condition of the policy, nor satisfied any and all conditions precedent, including but not limited to Plaintiff's failure to timely notify the Defendant of the loss until January 29, 2008, when the loss occurred on November 26, 2007.  The Policy provision states as follows:

> **NOTICE OF LOSS:**  You must report in writing to us, or our authorized agent, as soon as possible after the occurrence of any accident, loss, damage or expense that may be covered under the policy…You are also required to notify the police and file a police report as soon as you are aware that your property has been stolen or vandalized.  If you do not provide the notice to us as required by this section as soon as possible, any claim for such loss under the policy will be voided.

(Policy No. YKR Y10144097 at p. 9).

Plaintiff violated this provision by failing to timely report the loss in writing as soon as possible after the occurrence and failing to notify the police and file a truthful police report.

10. As and for its Tenth Affirmative Defense, Defendant affirmatively alleges that the Plaintiff was guilty of negligence as Plaintiff had a duty to secure the Vessel and prohibit unauthorized use of the Vessel by others not listed on the Application of Insurance.  The Plaintiff testified at his EUO that "I gave him permission to, you know, just to have the boat and to do what he (Mr. Hussun) wanted with it basically."  Plaintiff was asked at his EUO "so basically he has full use and access to the boat?"  Plaintiff replied "yes, he did.  He was supposed to go, but he wasn't able to go that day, so he let a

friend go out."[2]  (GAMEZ EUO TRANSCRIPT at pp. 18-19, lines 21-25, 1).  The U.S. Coast Guard has advised that this Vessel was lost at sea with 42 illegal Cubans and two smugglers who are presumed dead.  The Plaintiff's was negligent in his actions by allowing others not authorized to use the Vessel to have custody and control of the Vessel thereby contributing to the loss.

11. As and for its Eleventh Affirmative Defense, Defendant affirmatively alleges that Plaintiff is prevented from collecting the amounts alleged to be owed from this Defendant based on the defense of legal and/or equitable estoppel.

Plaintiff failed to indicate in the Application of Insurance that Mr. Alfredo Hussun was the rightful owner and operator of the Vessel paying the lion's share of the Vessel payments. Mr. Hussun could not obtain financing for the Vessel at issue.  Further, Plaintiff failed to inform the Insurer that the Vessel was going to be stored on Mr. Hussun's property and not at the Plaintiff's residence listed on the Application. These fraudulent misrepresentations directly affected the Insurers ability to evaluate coverage and whether to provide such coverage.  The Plaintiff's fraudulent actions were discovered and further admitted to by the Plaintiff during his Examination Under Oath conducted on March 3, 2008.

12. Defendant, ACE reserves the right to amend these Affirmative Defenses upon notice to all parties and leave of court.

## DEMAND FOR JURY TRIAL

The Defendant, ACE AMERICAN INSURANCE COMPANY demands a jury trial on all issues so triable as a matter of right.

---

[2] Mr. Gamez is referring to Mr. Hussun who allegedly was supposed to go fish the day the vessel went missing, but who instead allegedly let the vessel to Mr. Suarez and a friend.

WHEREFORE, by reason of the foregoing, the Defendant, ACE AMERICAN INSURANCE COMPANY, respectfully requests this Honorable Court to enter judgment in its favor, with costs assessed against the Plaintiff.

### DEFENDANT/COUNTER-PLAINTIFF ACE AMERICAN INSURANCE COMPANY'S COUNTER-CLAIM FOR RESCISSION

COMES NOW, Defendant/Counter-Plaintiff, ACE AMERICAN INSURANCE COMPANY, ("ACE"), by and through the undersigned counsel, and asserts the following, its Counterclaim for rescission as to the Plaintiff/Counter-Defendant, EURYS GAMEZ (hereinafter "GAMEZ") and respectfully states as follows:

1. This is a counterclaim for rescission with respect to a sum in excess of $75,000.

2. ACE insured a 2008 32' Glasstream, (hereinafter "Vessel") (Hull # GDJ00333H708) and a 2008 32' Magic Tilt Trailer (ID# 1M5BA313X81E37267) via a Yachtsman Policy, Policy No.: YKR Y10144097, effective October 23, 2007 through October 23, 2008, (hereinafter "Policy"). [D.E. 1-1].

3. The Declarations Page listed the Insured as EURYS GAMEZ. [D.E. 1-1].

4. GAMEZ executed and submitted an Application of Insurance (hereinafter "Application") dated October 23, 2007 for the aforementioned Vessel and Trailer. (Application hereto attached as Exhibit "1").

5. GAMEZ indicated on the Application that he was primary operator of the Vessel, and that he has owned and operated other vessels for four years.

6. No additional operators of the Vessel or Trailer were listed on the Application.

7. The Application indicates the Vessel and Trailer location as the residence of GAMEZ. No other locations or addresses were listed.

8. GAMEZ intentionally provided false statements of fact to ACE in the procurement of the Policy via the Application process by failing to truthfully state that:

    a. GAMEZ was not the rightful owner of the Vessel.

    b. GAMEZ never informed ACE that Mr. Hussun was paying GAMEZ more than 90% of the financing on the Vessel.

    c. That the Vessel and Trailer were being stored at Mr. Hussun's residence, not the residence of GAMEZ as stated in the Application.

    d. GAMEZ allowed Mr. Hussun and others to have care, custody and control of the Vessel without ACE'S knowledge.

9. GAMEZ made the false statements of fact to ACE with the intent that the statements in the Application would induce ACE to act on the information provided in the Application, in reliance on same in order to gauge the risk of issuing the Policy.

10. ACE relied on the aforementioned material misrepresentations and facts in the Application to gauge any insurance risk, thereby, resulting in damages to ACE by exposing ACE to the financial exposure of paying fraudulent insurance claims or losses.

11. ACE relied on the material misrepresentations and facts offered by the GAMEZ as the Insured due to the confidential relationship or nature of the Application believing such information to be true as stated by GAMEZ in the Application. GAMEZ knowingly executed the Application with notice that a fraud provision in the Application could potentially void a Policy for such fraudulent statements and information.

12. These material misrepresentations are such that had GAMEZ indicated the true owner of the Vessel, the location the Vessel was to be stored and that there were

other operators of the Vessel, ACE would have been on notice that further inquiry was warranted to adequately gauge the risk of issuing said Policy to the Insured.

13. GAMEZ has knowledge that the statements and information provided in the Application was false at the time the Application was executed and submitted for insurance coverage.

14. After ACE discovered that GAMEZ provided false and fraudulent information in the Application, ACE denied the claim and informed GAMEZ that the Policy was rescinded due to such misrepresentations and fraudulent behavior. ACE and then returned the insurance premiums that were paid.

15. ACE, as the moving party, has no adequate remedy at law.

WHEREFORE, ACE AMERICAN INSURANCE COMPANY prays that this Honorable Court declare and determine the Policy rescinded and void from its inception, and award ACE AMERICAN INSURANCE COMPANY reasonable fees and costs, any other relief this Court deems just and proper or to which ACE AMERICAN INSURANCE COMPANY is entitled.

### DEMAND FOR JURY TRIAL

The Defendant/Counter-Plaintiff, ACE AMERICAN INSURANCE COMPANY, demands a jury trial on all issues so triable as a matter of right.

Respectfully Submitted on this 21st day of December, 2011,

**BROWN SIMS, P.C.**

By: *s/ Frank Sioli*
FRANK J. SIOLI, ESQ.
Florida Bar No. 009652
fsioli@brownsims.com
Brown Sims, P.C.

> Datran II, Suite 1609
> 9130 S. Dadeland Boulevard
> Miami, Florida 33156
> Telephone:    305.274.5507
> Facsimile:    305.274.5517
> Attorneys for Defendant, ACE AMERICAN
> INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was electronically filed with the Court by using the CM/ECF system, which will send notice and serve a true and correct copy of the foregoing on all counsel of record on the Service List below on this 21st day of December, 2011.

> *s/ Frank Sioli*
> FRANK J. SIOLI
> For the Firm

## SERVICE LIST

**HOWARD LEVINE, ESQ.**
Florida Bar No.: 0075670
Attorney for Plaintiff
1560 Lenox Avenue, Suite 307
Miami Beach, Florida 33139
Telephone: 305/534-0403
Facsimile: 305/672-5305
HLevineEsq@aol.com

**MICHAEL LAURATO, ESQ.**
Florida Bar No: 181447
AUSTIN & LAURATO, P.A.
1902 West Cass Street
Tampa, Florida 33606
(813)258-0624
(813)258-4625 Facsimile
Attorneys for Plaintiff
Mlaurato@Austinlaurato.com
TRIAL COUNSEL