IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 11-22842-CIV-SEITZ/SIMONTON

EURYS GAMEZ,

      Plaintiff,

vs.

ACE AMERICAN INSURANCE
COMPANY,

      Defendant.

_____/

**PLAINTIFF'S MOTION TO DISMISS**
**TO DEFENDANT'S COUNTERCLAIM FOR RESCISSION**

      The Plaintiff, EURYS GAMEZ, by and through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss Defendant's Counterclaim for Rescission of the Insurance Policy on the grounds that Defendant has failed to state a claim upon which relief can be granted, as follows:

**MEMORANDUM OF LAW**

**Legal Standaard**

      A motion to dismiss a counterclaim may be made on the basis that the counterclaim "fails to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In order to withstand a motion to dismiss, the complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). However, "a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions" and "factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In

1

adjudicating a Rule 12(b)(6 motion, this Court is compelled to consider "not whether a [counterp]laintiff will ultimately prevail, but whether the counterplaintiff is entitled to offer evidence to support the claims." Brandt v. Bassett, 69 F.3d 1539, 1550 (11th Cir. 1995).

Upon reviewing a Rule 12(b)(6) motion to dismiss, this Court must view the motion in the light most favorable to the non-moving party, Scheuer v. Rhodes, 416 U.S. 232 (1974).  This Court must presume the factual allegations of the counterclaim are true and liberally construe them in order to grant the Counterplaintiff the benefit of all inferences that can be derived from the facts alleged.  Albright v. Oliver, 510 U.S. 266, 267 (1994); Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994)."  While detailed factual allegations are not required in order to survive a 12(b)(6) motion to dismiss, mere "formulaic recitation of the elements of the elements of a cause of action will not do."  Twombly, 127 S.Ct. at 1964.

## Argument

**1.  Defendant fails to adequately plead a common law action for rescission.**

Defendant's counterclaim is framed as a common law action for rescission.  Defendant fails to state a cause of action for common law rescission because it cannot satisfy two of the *prima facie* elements as a matter of law.  First, under Florida common law, "equity will not usually order rescission for either breach of dependent covenant or fraud, unless condition of parties as it existed prior to execution of the contract can be restored."  Steak House, Inc. v. Barnett, 65 So. 2d 736 Fla. 1953); Benn v. Key West Propane Gas Corp., 72 So.2d 910 (Fla. 1954) (inability to restore status quo precluded rescission and cancellation of contract for fraud); Perlman v. Prudential Ins. Co. of America, Inc., 686 So.2d 1378 (Fla. 3d DCA 1997); Murrell v. Jupiter Corp., 274 So. 2d 550 (Fla. 3d DCA 1973).  Here, because the insured vessel was stolen, it is impossible for Defendant to restore Plaintiff to the *status quo ante*.

2

Further, Florida law requires that a claim for rescission be disallowed when there is an adequate remedy at law. <u>Billian v. Mobile Corp.</u>, 710 So. 2d 984, 991 (Fla. 4th DCA 1998). Here, Defendant has indeed alleged that there is no adequate remedy at law, but this is plainly not the case. In fact, Defendant's very own affirmative defenses describe remedies at law (*see,* Second Affirmative Defense – fraud; Fifth Affirmative Defendant -- breach of contract (Dkt. 21)). And, more significantly, Florida statutory law, specifically Fla. Stat. §627.409, which provides the governing law relating to rescission of an insurance contract, sets forth the precise conditions for the legal remedy which Defendant seeks. As Defendant has not invoked this legal remedy, no claim for common law rescission can lie.

**2.   <u>Defendant fails to adequately plead a statutory law action for rescission.</u>**

Even if this Court were to apply Fla. Stat. §627.409 to Defendant's counterclaim *sua sponte*, Defendant still fails to state a cause of action for rescission. Because this is a wet marine policy of insurance and, further, because the insurance policy has a "Conformity to State Law" provision, which provides that "[w]hen a provision of this policy is in conflict with the applicable law of the state in which this policy is issued, then the law of the state shall apply, the governing statutory provision of Defendant's claim for rescission is Fla. Stat. §627.409(2), which provides:

> A breach or violation by the insured of any warranty, condition, or provision of any wet marine or transportation insurance policy, contract of insurance, endorsement, or application therefor does not void the policy or contract, or constitute a defense to a loss thereon, **unless such breach or violation increased the hazard by any means within the control of the insured**. (Emphasis added).

Accordingly, in order to statutory cause of action for rescission, Defendant is required to allege how any of the asserted breaches of the insurance contract increased the hazard by any m eans

within the control of the insured.  Defendant has not so alleged any factual basis to satisfy the Twombly standard showing how any of the breaches which Plaintiff allegedly committed have increased the hazard by any means within the control of the insured.  Moreover, while it exceeds the scope of this motion to assert that Defendant cannot prove what it has not alleged, Plaintiff would suggest that under the circumstances of this case which relate to a stolen vessel, that Defendant would be unable to meet the Twombly standard simply because the act of "theft" by definition is not within the control of the insured, and is not the type of breach which is contemplated by Fla. Stat. §627.409(2) in order to afford Defendant the remedy of statutory rescission.  *See, e.g.*, Pickett v. Woods, 404 So. 2d 1152 (Fla. 5th DCA 1981) (where aircraft crash was due to pilot error and not the result of any equipment malfunction, failure to have a valid airworthiness certificate, as required by insurance contract, did not contribute to accident and insurance company would be prevented from relying on Fla. Stat. §627.409(2)).

## CONCLUSION

For the foregoing reasons, Defendant's counterclaim should be dismissed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the Clerk of the Southern District of Florida via the CM/ECF system, which would then electronically deliver the document to the following CM/ECF participants:  Frank J. Sioli, Esq., Brown Sims, P.C., Attorneys for Defendant, Datran II Suite 1609, 9130 S. Dadeland Boulevard, Miami, Florida 33156; and Michael V. Laurato, Austin & Laurato, P.A., Co-Counsel for Plaintiffs, 1902 West Cass Street, Tampa, Florida 33606, this 9th day of January, 2012.

/s/ Howard Levine_____
HOWARD LEVINE, ESQ.

4

Florida Bar No.:  0075670
1560 Lenox Avenue, Suite 307
Miami Beach, Florida 33139
(305) 534-0403
(305) 672-5305 (facsimile)
HLevineEsq@aol.com
Co-Counsel for Plaintiff