IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 11-22842-CIV-SEITZ/SIMONTON

EURYS GAMEZ,

                  Plaintiff,

vs.

ACE AMERICAN INSURANCE
COMPANY,

                  Defendant.

_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM FOR RESCISSION**

      COMES NOW, the Defendant, ACE AMERICAN INSURANCE COMPANY ("ACE"), by and through its undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, hereby files its Response in Opposition to Plaintiff's Motion to Dismiss Defendant's Counterclaim for Rescission and states as follows:

      Contrary to the Plaintiff's erroneous position, Defendant's Counterclaim for Rescission ("Counterclaim") meets the pleading requirements under the Federal Rules of Civil Procedure. To survive a 12(b)(6) motion to dismiss the pleading "must include 'enough facts to state a claim that is plausible on its face.'" *Staaldam Beheer B.V. v. ASAP Installations, LLC*, 2010 US Dist. LEXIS 41682, *6 (M.D. Fla. 2010) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Moreover, the pleading may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lopez v. First Union Natl. Bank*

*of Fla.,* 129 F.3d 1186, 1189 (11th Cir. 1997); *see also Am. Ass'n of People with Disabilities v. Smith*, 227 F. Supp 1276, 1280 (M.D. Fla. 2002). In considering a motion to dismiss, "the court limits its considerations to the pleadings and exhibits attached thereto." *GSW, Inc. v. Long Co., Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). Defendant's Counterclaim has been pled with sufficiency and specificity concerning the factual allegations contained therein and, accordingly, Defendant's Counterclaim should not be dismissed.

Plaintiff makes no cognizant or recognizable arguments regarding the pleading requirements under Federal Rule of Civil Procedure 8(a)(2) but rather cites to case-law that only strengthens Defendant's position that its Counterclaim was properly pled. Defendant, in fact, agrees with Plaintiff that what is required under Federal Rule of Civil Procedure 8 (a)(2) is a "short and plain statement of the claim showing that the pleader is entitled to relief" and that "upon reviewing a Rule 12(b)(6) motion to dismiss, this Court must view the motion in the light most favorable to the non-moving party." (Dkt. 22 at 2). When viewed in the light most favorable to the Defendant, i.e. the non-moving party, the facts show that Defendant has properly pled the Counterclaim and it should not be dismissed.

Further, every case the Plaintiff cited to in his Motion was a case involving a Plaintiff pleading either a remedy at law and in equity, or a remedy at law and a remedy in equity in the alternative. Such cases are all distinguishable from the instant matter for the reasons more fully described below.

## ARGUMENT

**I. Contrary to Plaintiff's Arguments, Defendant Has Adequately Stated a Cause of Action for Rescission**

  **a. Defendant's Counterclaim Meets All of the Elements to State a Claim of Common Law Rescission**

Under Florida case law, rescission may be granted where a party breaches a term that is an essential part of the bargain between the parties, such that a contract is essentially destroyed. *Bland v. Freightliner LLC*, 206 F. Supp. 2 1202, 1206, HN6 (quoting *Hibiscus Associates LTD. v. Board of Trustees of Policemen and Firemen Retirement System of the City of Detroit,* 50 F.3d 908 (11th Cir. 1995).

In order to state a claim for rescission, or cancellation of a contract, the moving party must allege:

> (1) the character or relationship of the parties;
> (2) the making of the contract;
> (3) the existence of fraud, mutual mistake, false representations, impossibility of performance, or other ground for rescission or cancellation;
> (4) that the party seeking rescission has rescinded the contract and notified the other party to the contract of such rescission;
> (5) if the moving party has received benefits from the contract, he should further allege an offer to restore these benefits to the party furnishing them, if restoration is possible; and
> (6) that the moving party has no adequate remedy at law.

*Staaldam Beheer B.V. v. ASAP Installations, LLC* at *11.

Plaintiff alleges that the Defendant has not met two of the above-referenced elements.[1] Plaintiff is mistaken.

---

[1] Plaintiff does not indicate or explain which of the two elements he alleges Defendant failed to plead; Plaintiff does attempt to incorrectly argue that Defendant has an adequate remedy at law and thus fails to meet element six (6) of a claim for rescission however, Plaintiff failed to identify or refer to the second element that he is alleging Defendant failed to meet. Nonetheless, Defendant believes that Plaintiff is attempting to argue that

First, as referenced in the Defendant's Counterclaim, the Plaintiff executed an Application of Insurance (hereinafter "Application") for a 2008 32 foot Glasstream vessel (hereinafter "Vessel") and a 2008 32 foot Magic Tilt Trailer (hereinafter "Trailer") and submitted same to Defendant. (Dkt. 21 at 15). Defendant, based on the information provided on such Application provided by Plaintiff, did rely on and accept the Application and insure Plaintiff's Vessel and Trailer. (Dkt. 21 at 15-17). Thus, a relationship was created between the parties, a contract was made based on the same and, accordingly, numbers one ("character or relationship of the parties") and two ("the making of the contract") of the above-referenced elements of rescission were met. *Staaldam Beheer B.V. v. ASAP Installations, LLC* at *11.

Second, the Plaintiff indicated on the Application, among other things: 1) that he was the primary owner of the Vessel and listed no additional operators on the Application; and 2) that the Vessel and Trailer were to be located at Plaintiff's place of residence and listed no additional locations where the Vessel and/or Trailer would be stored. (Dkt. 21 at 15-16). When in fact, as the Plaintiff admitted in his Examination Under Oath, Plaintiff was not the primary owner of the Vessel and Plaintiff did not store the Vessel at his own place of residence but rather at a separate and distinct residence not listed on his Application. *See* Examination Under Oath of Eurys de Jesus Gamez at pp. 10-16 attached hereto as **Exhibit A.** Plaintiff also testified that he allowed others to have care, custody, and control of the Vessel without informing Defendant of same and without inquiring as to the individuals' wherewithal or ability to operate the Vessel. *See*

---

Defendant has not met element five (5), which concerns restoration, based on the case-law Plaintiff cited. Regardless, as more fully explained throughout this memorandum, Defendant has met all of the six elements of a claim for rescission.

**Exhibit A** at pp. 17-20. Accordingly, Plaintiff did make fraudulent and false misrepresentations that were material to the contract entered into between Plaintiff and Defendant so as to encourage Defendant to issue an Insurance Policy (the "Policy") on the Vessel and Trailer. (Dkt. 21 at 15-17).

The United States Court of Appeals for the Eleventh Circuit held that "it is clear that Florida law recognizes that rescission may be granted where a party breaches a term which is an essential part of the bargain between the contracting parties such that the breach destroys the entire contract." *Hibiscus Associates, LTD. v. Board of Trustees of the Policemen & Firemen Retirement Sys.*, 50 F.3d 908, 916 (11th Cir. Fla. 1995). Defendant relied on the above-mentioned fraudulent and material misrepresentations such that they were an essential element to the contract between Plaintiff and Defendant. (Dkt. 21 at 15-17). As such, and according to the holding in *Hibiscus Associates* and Florida law, Defendant has met the third element ("the existence of fraud, mutual mistake, false representation, impossibility of performance, or other ground for rescission or cancellation") of a claim for rescission. *Staaldam Beheer B.V. v. ASAP Installations, LLC* at *11.

Third, Defendant, once it discovered that Plaintiff had provided such false and fraudulent information on his Application, denied Plaintiff's claim and informed Plaintiff that the Policy was rescinded. (Dkt. 21 at 17). Defendant also returned the premiums on the Policy that the Plaintiff had paid and, as such, elements four ("that the party seeking rescission has rescinded the contract and notified the other party to the contract of such rescission") and five ("if the moving party has received benefits from the contract, he should further allege an offer to restore these benefits to the party furnishing them, if

restoration is possible") of a cause of action for rescission were met by Defendant. *Id.* (Dkt. 21 at 17).

Lastly, Defendant has pled, in its Counterclaim that there is no adequate remedy at law available to him and thus seeks the equitable relief of rescission. Plaintiff incorrectly alleges that because Defendant has proffered fraud and breach of contract as Affirmative Defenses, Defendant should be precluded from seeking the equitable remedy of rescission.

Black's Law Dictionary defines an Affirmative Defense as "[t]hat which is offered and alleged by the party proceeded against in an action or suit, as a reason in law or fact why the plaintiff should not recover or establish what he seeks; what is put forward to defeat an action." *Black's Law Dictionary*, 451 (8th ed. 2004). Plaintiff's analysis is skewed in that Defendant's Affirmative Defenses do not amount to the Defendant seeking remedies at law. The affirmative defenses pled by the Defendant are just that, defenses to the remedy at law that the *Plaintiff seeks*, not vice-versa. (emphasis added). Moreover, as Plaintiff is or should be well aware of, fraud is an equitable defense. The Defendant in this case has offered fraud and breach of contract as reasons for why Plaintiff should not recover the remedy at law that Plaintiff seeks, and not as separate and distinct causes of action seeking a remedy at law. Inasmuch as Defendant cannot seek an adequate remedy at law, it is left but to seek the relevant equitable remedy, rescission, via its Counterclaim and thus, element six of a claim for rescission has been met by Defendant. *Staaldam Beheer B.V. v. ASAP Installations, LLC* at *11.

Moreover, even if Defendant were seeking a remedy at law in the instant matter, which it is not, and a claim for rescission at the same time, this very Court has held that a

Motion to Dismiss such a claim for rescission at this stage in the pleadings would be premature. *See Belaire at Boca, LLC v. Ass'n Ins. Agency, Inc.*, 2007 U.S. Dist. LEXIS 45415, *13 (S.D. Fla. 2007). In fact, Plaintiff's citation of *Billian v. Mobile Corp.* is misguided for the very same proposition described above, because that case revolved around a *Plaintiff* seeking both a remedy at law and rescission.

Specifically, the *Billian* case involved buyers who alleged that a developer had concealed and/or failed to disclose certain facts and defects involving a condominium unit. *See Billian v. Mobile Corp.*, 710 So. 2d. 984, 986 (Fla. 4th DCA 1998). Such buyers sued the developers for damages, and, in the alternative, for the equitable remedy of rescission. *Id.* The *Billian* Court, in turn, found it "necessary to examine the interplay between the equitable remedy of rescission and an action at law for damages based on fraud when both are raised in the same complaint." *Id.* at 989. In its analysis of same, the *Billian* Court determined that as a result of such interplay and the fact that modern pleading rules require only a short and plain statement of the facts supportive of the pleader's right to relief "a court is rarely able to determine the adequacy of a remedy at law at the pleading stage of a case before the facts are developed." *Id.* at 991. The *Billian* Court further stated that accordingly, "[a] ruling on the adequacy of the legal remedy is generally left until the end of a case, often after a jury renders a verdict on entitlement to it." *Id.* Thus, the Court in *Billian* would not and did not dismiss the Plaintiff's claim for equitable relief (rescission) until the jury was able to assess what, if any, relief Plaintiff would be afforded at law. *Id.* at 992.

### b. Rescission Under Florida Law is Allowable Even if it is Impossible to Restore the Parties to Status Quo

Federal Courts have held that "Florida law allows rescission where restoration to the status quo is impossible." *Bland v. Freightliner LLC*, 206 F. Supp. 2d 1202, 1208 (M.D. Fla. 2002) (citing *Braman Dodge Inc. v. Smith*, 515 So. 2d 1053, 1054 (Fla. 3d DCA 1987). The *Bland* court further held that while restoration to status quo had not been determined, Plaintiffs in that case had "sufficiently pled an attempt to place the parties in their original positions." *Id.* at 1209. Such is the case here, where Defendant, as referenced above, returned the premiums paid by Plaintiff and has made a sufficient attempt to return the parties to their original positions.

Further, in *West Coast Life Insurance v. The Ruth Secaul 2007-1 Insurance Trust*, this Court denied a Defendant's motion to dismiss which alleged that the Plaintiff in that case had failed to allege that it had "restored or offered to restore the Defendants to the status quo." *West Coast Life Insurance v. The Ruth Secaul 2007-1 Insurance Trust*, 2010 U.S. Dist. LEXIS 5269, *13 (S.D. Fla. 2010). This Court agreed with the Plaintiff's argument that the Plaintiff's constructive payment of the insurance premiums into the registry of the Court was sufficient to meet the elements of rescission, specifically an attempt or offer to restore the Defendants to the status quo. *Id.* at *13-14. The *West Coast* case is completely analogous to the instant matter in that here Defendant has made an attempt to restore the Plaintiff to the status quo by paying back the premiums paid on the Policy by the Plaintiff. In fact, the Defendant in this case has gone even further than the Plaintiff in *West Coast* in that Defendant paid the premiums back directly to Plaintiff in the instant matter as opposed to a constructive payment into a court registry.

The court in *Perlman v. Prudential Ins. Co. of America, Inc.* a case the Plaintiff cites for the proposition that equity will not usually order rescission unless the conditions of the parties as it existed prior to the contact can be restored, stated that the parties should be returned to status quo "insofar as possible." *Perlman v. Prudential Ins. Co. of America, Inc.*, 686 So. 2d 1378, 1380 (Fla. 3d DCA 1997). Again, in this case, the Defendant has returned the parties to the status quo "insofar as possible" by returning the premium payments made by Plaintiff.

Further, Plaintiff's cite to *Steak House, Inc. v. Barnett* for the same incorrect proposition is an inaccurate and contextually unsound interpretation of that case. The key issue in *Steak House* was not whether the parties could be restored to the position they were in prior to having entered into the contract but rather whether "the plaintiff should be entitled to rescission in equity or whether it must be left to its remedy at law for damages." *Steak House Inc. v. Barnett*, 65 So. 2d 736, 737 (Fla. 1953). The Court in *Steak House* went on to state that "as a general rule, rescission is granted for fraud as to existing fact..." *Id.* In *Steak House*, the Court held that the Plaintiff in that case "would not have entered into the contract with the provision omitted" and *reversed the judgment of the lower court granting the Appellee's motion to dismiss. Id.* at 738 (emphasis added). The instant matter is equivalent to the situation in *Steak House* in that here Plaintiff committed fraud by knowingly providing false information and/or purposefully concealing information in his Application of Insurance.

**c.  Plaintiff Misapplies Florida Statute §627.409**

Plaintiff misapplies Florida law in attempting to argue that Defendant has not properly invoked Florida Statute §627.409. Defendant, as Plaintiff has conceded, is

pleading a common law counterclaim for rescission. (Dkt.. 22 at 2). There is no statutory provision under Florida Statute §627.409 that eviscerates or roots out a common law claim for rescission. As more fully referenced above at pp. 3-9, Defendant has fully satisfied each element of a common law claim for rescission and has, in this responsive motion, put forth case law in support of same. Accordingly, Plaintiff's misapplication of §627.409 is but a "red herring" and serves no purpose other than to mislead the Court.

Moreover, if Fla. Stat. §627.409 were applicable, and it is not, the controlling statutory provision would be §627.409(1), not §627.409(2) as Plaintiff contends. As indicated in Defendant's Counterclaim at ¶ 14, once Defendant discovered that Plaintiff had provided false and fraudulent information in his Application, Defendant denied Plaintiff's claim and cancelled the Policy as allowed under Fla. Stat. §627.409. (Dkt. 21 at 17). Fla. Stat. §627.409(1) reads, in pertinent part:

Representation in application; warranties

(1) Any statement or description made by or on behalf of an insured or annuitant in an application for insurance policy or annuity contract, or in negotiations for a policy or contract, is a representation and is not a warranty. A misrepresentation, omission, concealment of fact, or incorrect statement may prevent recovery under the contract or policy only if any of the following apply:

(a) The misrepresentation, omission, concealment, or statement is fraudulent or is material either to the acceptance of the risk or to the hazard assumed by the insurer.

(b) If the true facts had been known to the insurer pursuant to a policy requirement or other requirement, the insurer in good faith would not have issued the policy or contract, would not have issued it at the same premium rate, would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss.

As referenced more fully above at pages four (4) and five (5), the Plaintiff made a fraudulent and material misrepresentation in his application for insurance. As defined in §627.409(1), a "statement or description made by or on behalf of an insured … in an application for insurance policy or annuity contract, or in negotiations for a policy or contract, is a representation and is not a warranty. Fla. Stat. §627.409(1)(2012) (emphasis added). The provision that Plaintiff erroneously puts forth as controlling in his Motion, §627.409(2) deals with "warranties, conditions or provisions" of wet marine or transportation insurance policies. Fla. Stat. §627.409(2)(2012). Consequently, Fla. Stat. §627.409(1), which deals with misrepresentations in insurance applications, is controlling here. Plaintiff not only made fraudulent misrepresentations of fact on his insurance application but he concealed the fact that the Vessel would be operated and controlled by an individual different than him, and made incorrect statements as to where the Vessel would be stored, thus securing a "trifecta" of violations under Fla. Stat. §627.409(1). (Dkt. 21 at 17). As such fraudulent misrepresentations, omissions, concealments, and/or statements were "material either to the acceptance of the risk or to the hazard assumed by insurer," such fraudulent misrepresentations, omissions, concealments, and/or statements were in violation of provision (1)(a) of §627.409. Fla. Stat. §627.409(1)(a).

Plaintiff was also in violation of provision (1)(b) of Fla. Stat. §627.409 in that Defendant was not aware of the true facts regarding Plaintiff's Application, i.e. that Plaintiff did not intend to have complete control or operation of the Vessel, that the Vessel would be operated by individuals unknown to Plaintiff, and that Plaintiff had no intention of storing the Vessel at the address listed on his Application. Accordingly, had Defendant been aware of such true facts regarding Plaintiff's application, then Defendant

"in good faith would not have issued the policy or contract, would not have issued it at the same premium rate, would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss." Fla. Stat. §627.409(1)(b) (2012).

The United States Court of Appeals for the 11th Circuit has held that where the requirements of Florida statute §627.409 are met the insurer will not liable on a policy. *Fabric v. Provident Life & Accident Life Ins. Co.*, 115 F.3d 908, 912 (11th Cir. 1997). Specifically, the *Fabric* Court held that "[w]here a misrepresentation occurs that meets the requirements of §627.409, the insurer, as a matter of right, may unilaterally rescind." *Id.* The *Fabric* Court also stated that: "[t]he misrepresentation need not be fraudulently or knowingly made but need only affect the insurer's risk or be a fact which, if known, would have caused the insurer not to issue the policy or not to issue it in so large an amount." *Id.* at 913. Moreover, the "Florida Supreme Court has unambiguously held that 'where either an insurer would have altered the policy's terms had it known the true facts or the misstatement materially affects risk, a nonintentional misstatement in an application will prevent recovery under an insurance policy.'" *William Penn Life Ins. Co. of New York v. Sande*, 912 F.2d 1359, 1362 HN3 (11th Cir. 1990) (quoting *Continental Assurance Co. v. Carroll*, 485 So. 2d 406, 409 (Fla. 1986). Thus, the standard for rescission under Fla. Stat. §627.409 as established by the 11th Circuit Court and the Florida Supreme Court is even broader than that which occurred in this case, where the Plaintiff insured *knowingly* made fraudulent misrepresentations to the Defendant insurer.

As properly pled in Defendant's Counterclaim, such misrepresentations, concealment, and incorrect statements precluded the Defendant from properly assessing

the risk of issuing the Policy to Plaintiff and such misrepresentations, concealments, and incorrect statements were "material either to the acceptance of the risk or to the hazard assumed by the insurer," thus satisfying the requirements of Fla. Stat. §627.409 as per the statute itself and Federal and Florida case-law. (Dkt. 16-17).

Further, even if, as Plaintiff incorrectly asserts, the instant matter were traveling under §627.409(2), Defendant would still have a proper cause of action for rescission. Fla. Stat. §627.409(2) in relevant part reads:

> (2) A breach or violation by the insured of any warranty, condition, or provision of any wet marine or transportation insurance policy, contract of insurance, endorsement, or application therefore does not void the policy or contract, or constitute a defense to a loss thereon, unless such breach or violation increased the hazard by any means within the control of the insured. (emphasis added).

Defendant alleged, at ¶8, subpart (c) of its Counterclaim that Plaintiff was not storing the Vessel at his place of residence as indicated on his Application but rather at the residence of his cousin, Mr. Alfredo Hassun. (Dkt. 21 at 16). Defendant alleged, at ¶8, subpart (d) of its Counterclaim, that Plaintiff allowed Mr. Hassun and others to operate the Vessel without Defendant's knowledge. (Dkt. 21 at 16). Defendant further alleged at ¶11 of its Counterclaim that Plaintiff knowingly executed the Application with notice that a fraud provision in the Application, and in the Policy, could potentially void the Policy for such fraudulent statements and information. (Dkt. 21 at 16).

In *Axis Reinsurance Co. v. Travis Resmondo*, the court held that "§627.409(2) does not apply to exclusionary provisions in a contract of policy of insurance." *Axis Reinsurance Co. v. Travis Resmondo*, 2009 U.S. Dist. LEXIS 46441, *9 (M.D. Fla. 2009). The *Axis* Court further held that "'an insurer has a right to decide which risks it will and will not insure against." *Id.* (quoting United States Aviation Underwriters, Inc. v.

Sunray Airline, Inc. 543 So. 2d 1309 (Fla. 5th DCA 1989). Plaintiff, as referenced above, knowingly violated provisions of the Application and the Policy in the instant matter by making fraudulent statements in his Application, thus voiding the Policy. Accordingly, as per the holding in *Axis*, §627.409(2) would not apply to this case.

Further, the relevant language in §627.409(2) is such that a breach of violation that increases the hazard "by any means" would suffice to void the contract. The phrase "by any means" is broad in nature and should be interpreted as such. In the instant matter, Plaintiff took it upon himself to allow others to store and operate the Vessel and such storage and operation was "within control of the insured." Fla. Stat. §627.409(2) (2012). Such actions on behalf of the Plaintiff increased the hazards within his control in that Plaintiff's allowing others to store and operate the Vessel exposed the Vessel to future losses that otherwise most likely would not have occurred. Accordingly, the broad "by any means" standard of increasing a hazard thereby resulting in a breach of policy, has been met in this case.

Lastly, Plaintiff cites to *Pickett v. Woods* for the proposition that the Plaintiff's breach of contract in this case is not the "type of breach which is contemplated by Fla. Stat. §627.409(2) in order to afford the Defendant the remedy of statutory rescission." (Dkt. 22 at 4). The court in *United States Aviation Underwriters, Inc. v. Sunray Airline, Inc.* indicated, at note 3 of its decision, that "[t]he result in *Pickett v. Woods* has been questioned." *United States Aviation Underwriters, Inc. v. Sunray Airline, Inc.*, 543 So.2d 1309, 1312 n.3 (Fla. 5th DCA 1989). Moreover, the court in *United States Aviation* performed an extensive analysis of the *Pickett* case and held that Fla. Stat. §627.409 would not extend coverage where no such coverage exists in the first place. *Id* at 1311.

Such is the case here, where the Plaintiff, by knowingly submitting false and fraudulent information on his Application, thereby breached the fraud provision of the Policy and voided the Policy and any coverage he would have had therein.

**WHEREFORE,** the Defendant, ACE AMERICAN INSURANCE COMPANY, respectfully requests this Honorable Court deny Plaintiff's Motion to Strike Defendant's Counterclaim for Rescission, and any other relief this Court deems just and proper.

## LOCAL RULE 7.1(A)(3) CERTIFICATION

**I HEREBY CERTIFY** that a good faith effort was undertaken by counsel in an effort to resolve the issues raised in this Motion with Plaintiff's counsel prior to submitting the matter for the Court's consideration, but counsels were unable to resolve the matter.

Respectfully Submitted,

**BROWN SIMS, P.C.**

By: */s/ Frank J. Sioli*
FRANK J. SIOLI, ESQ.
Florida Bar No. 009652
fsioli@brownsims.com
Brown Sims, P.C.
Datran II, Suite 1609
9130 S. Dadeland Boulevard
Miami, Florida 33156
Telephone:   305.274.5507
Facsimile:    305.274.5517
Attorneys for Defendant, ACE
AMERICAN INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Court by using the CM/ECF system, which will send notice and serve a true and correct copy of the foregoing on all counsel of record on the Service List below on this 26th day of January, 2012.

/s/ Frank J. Sioli
FRANK J. SIOLI
For the Firm

## SERVICE LIST

**HOWARD LEVINE, ESQ.**
Florida Bar No.: 0075670
Attorney for Plaintiff
1560 Lenox Avenue, Suite 307
Miami Beach, Florida 33139
Telephone: 305/534-0403
Facsimile: 305/672-5305
HLevineEsq@aol.com

**MICHAEL LAURATO, ESQ.**
Florida Bar No: 181447
AUSTIN & LAURATO, P.A.
1902 West Cass Street
Tampa, Florida 33606
(813)258-0624
(813)258-4625 Facsimile
Attorneys for Plaintiff
Mlaurato@Austinlaurato.com
TRIAL COUNSEL