UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 11-22842-CIV-SEITZ/SIMONTON

EURYS GAMEZ,

    Plaintiff,

vs.

ACE AMERICAN INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER DENYING MOTIONS TO DISMISS AND TO STRIKE

THIS MATTER is before the Court on Plaintiff's Motion to Dismiss Defendant's Counterclaim for Rescission [DE-22] and Defendant's Motion to Strike Reply Brief [DE-27]. This is an insurance dispute involving a boat that was lost at sea or stolen for which Defendant denies coverage under the insurance policy. In answering Plaintiff's one-count Complaint for breach of contract, Defendant asserted a number of affirmative defenses as well as one counterclaim for rescission. Def.'s Answer [DE-21]. Plaintiff filed a motion to dismiss the counterclaim pursuant to Rule 12(b)(6) because Defendant allegedly failed to state a claim upon which relief can be granted. Defendant seeks to strike Plaintiff's reply brief as untimely. [DE-26]. The Court has reviewed the parties' papers and the relevant authorities. Both motions are denied. The motion to dismiss the counterclaim is denied because it states a cause of action. The motion to strike is denied because it failed to comply with the Local Rules.

I. BACKGROUND

In his original moving papers, Plaintiff argued that Defendant's counterclaim fails to state a claim for relief. First, Plaintiff maintained that Defendant cannot plead a common law

rescission claim because rescission is only permitted when there is no adequate remedy at law. Pl.'s Mot., p. 3 [DE-22]. Pointing to Defendant's affirmative defenses, Plaintiff suggested that Defendant has remedies at law. In addition, Plaintiff argued that Defendant has an adequate remedy at law because it has a right to assert a statutory rescission claim (Fla. Stat. §627.409). *Id.*

In response, Defendant makes clear that the counterclaim is a common law, not statutory, rescission claim. Def.'s Resp., p. 3 [DE-23]. Defendant asserts that the allegations of the Complaint are sufficient to survive the Court's *Iqbal/Twombly* inquiry. In reply, Plaintiff contends that Defendant conceded in the Response that it has a statutory claim for rescission. Pl.'s Reply, p. 1 [DE-26]. Because of that concession, Plaintiff argues that Defendant has an adequate remedy at law and dismissal is appropriate.

## II. DISCUSSION

Plaintiff's suggestion that Defendant has an adequate remedy of law because Defendant asserted several affirmative defenses must be rejected. It is not enough to merely posit that Defendant has remedies[1] at law available, Plaintiff must also demonstrate that they are adequate. Plaintiff, however, provides no discussion or analysis of the viability of Defendant's affirmative defenses. Merely identifying the existence of an affirmative defense provides no basis for the Court to determine the adequacy of that defense.

Moreover, there is no support for Plaintiff's argument that Defendant has an adequate remedy at law because of the existence of Florida Statute §627.409(1). First, contrary to

---

[1] Plaintiff's analysis also conflates two distinct concepts in the civil litigation process: an affirmative defense raised as a bar to a cause of action and a claim asserted seeking a remedy pursuant to a cause of action. Because, Plaintiff's argument can be readily rejected on other grounds, the Court will not reach this issue.

Plaintiff's representations, the Defendant never conceded that §627.409 governs. Rather, Defendant expressly stated that §627.409 is not applicable here, and emphasized that the counterclaim is a common law claim for rescission. Def.'s Resp., pp. 9-10 [DE-23]. Nor does plaintiff provide any support for his assertion that the mere existence of §627.409 defeats Defendant's ability to raise a claim for common law rescission. Plaintiff failed to cite a single authority to support its assertion that §627.409 completely eviscerates a common law claim for rescission of an insurance contract in Florida. That failure leads to the conclusion that Plaintiff has no legal authority for that proposition.

The Court's review of the allegations of the Complaint together with the legal elements of a common law rescission claim require the conclusion that Defendant has stated a claim for relief. The fundamental requirements necessary to state a cause of action for rescission of contract under Florida law are:

> (1) the character or relationship of the parties; (2) the making of a contract; (3) the existence of fraud, mutual mistake, false representation, impossibility of performance, or other ground for rescission or cancellation; (4) the party seeking rescission had rescinded the contract and notified the other party to the contract of such rescission; (5) [if] the moving party has received benefits from the contract, he should further allege an offer to restore these benefits to the party furnishing them, if restoration is possible; and (6) the moving party has no adequate remedy at law.

*Bland v. Freightliner LLC*, 206 F.Supp.2d 1202, 1206 (M.D. Fla. Apr. 15, 2002)(citing *Crown Ice Mach. Leasing Co. v. Sam Senter Farms, Inc.*, 174 So.2d 614, 617 (Fla. 2d DCA 1965)). Here, Defendant alleged that parties entered into a contract of insurance (Counterclaim, ¶¶2-4 [DE-21]), Plaintiff made false representations in applying for the insurance (*id.* at ¶¶5-8),[2]

---

[2] The Court has not considered extrinsic evidence attached to Defendant's response in considering Plaintiff's motion. *See* Def.'s Resp., Ex. A [DE 23-1].

3

Defendant rescinded the contract and returned Plaintiff's payments (*id.* at ¶14) and that Defendant has no adequate remedy at law (*id.* at ¶15). *Bland*, 206 F.Supp.2d at 1206. These allegations are sufficient to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007). Accordingly, it is

ORDERED THAT

(1) Plaintiff's Motion to Dismiss Defendant's Counterclaim for Rescission [DE-22] is DENIED. Plaintiff shall file an answer to the counterclaim on or before **Friday, May 18, 2012.**

(2) Defendant's Motion to Strike [DE-26] is DENIED. Defendant's motion fails to contain a certification that it complied with Local Rule 7.1(a)(3) and consulted with Plaintiff to attempt to resolve by agreement the issues raised in the motion. S.D. Fla. L.R. 7.1(a)(3).

DONE and ORDERED in Miami, Florida this 9th day of May, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record