UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-22842-CIV-SEITZ/SIMONTON

EURYS GAMEZ,

    Plaintiff,

Vs.

ACE AMERICAN INSURANCE
COMPANY,

    Defendant.
_____/

## PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff, EURYS GAMEZ, by and through his undersigned counsel and answers and affirmatively defends the counterclaim as follows:

## ANSWER

1 through 15 denied. Any other allegations of the counterclaim not specifically admitted are denied.

## AFFIRMATIVE DEFENSE

### FIRST AFFIRMATIVE DEFENSE

(Waiver and Estoppel)

The defendant/counterplaintiff has waived and is estopped from rescinding the policy based on any alleged false statements in any application. The plaintiff did not complete the application, was not asked the relevant questions, and did not provide any of the alleged false answers.

**SECOND AFFIRMATIVE DEFENSE**

(JUDICIAL ESTOPPEL)

The counterplaintiff has taken the judicial position that certain provisions of the policy exclude the plaintiff's loss. The counterplaintiff is judicially estopped from relying on provisions of the insurance policy, while at the same time asserting that the policy is rescinded. The right to repudiate the contract must be excercised in toto; the counterclaimant is estopped from repudiating the contract, while simultaneously claiming benefits under the contract.

**THIRD AFFIMATIVE DEFENSE**

(INNOCENT CO-INSURED DOCTRINE/AMBIGUITY/LOSS-PAYEE)

The policy of insurance provides for the payment of benefits to Bank of America, N.A. as a loss-payee. The loss-payee is an additional insured that is protected by the innocent co-insured doctrine and under the policy is entitled to payment of benefits regardless of any act alleging vitiating the policy by the plaintiff. Alternatively, the policy's provision regarding the loss-payee is ambiguous and must be construed so that no act of the insured/plaintiff can invalidate the right of the loss-payee to payment. Accordingly, the counterplaintiff is still liable to the loss-payee for the full value of the loss, regardless of any alleged acts of the plaintiff.

**FOURTH AFFIRMATIVE DEFENSE**

(MATERIALITY/INTENTIONAL/DISHONEST/ILLEGAL MISREPRESENTATION)

In order to rescind the policy, the express provision requires the counterplaintiff to prove that any alleged statements of the plaintiff were material *and* intentional, dishonest, *or* illegal. Any alleged statements of the plaintiff were not material, did not increase the risk, and bore no relation to the hazard. In addition, the defendant cannot demonstrate that any of the alleged statements were intentional, dishonest, or illegal. In addition, if the true facts had been known to

the insurer the insurer would have, in good faith, issued the policy and provided coverage at the same rate.

## FIFTH AFFIRMATIVE DEFENSE

### (AMBIGUITY OF COVERED PERSONS)

The policy provides coverage for "covered persons," not owners. The policy is ambiguous as to whether "any person" is a covered person. Because of this ambiguity, the counterplaintiff cannot demonstrate that any alleged statement of the plaintiff regarding ownership was material, intentional, or illegal.

## SIXTH AFFIRMATIVE DEFENSE

### (CONTRACTED AROUND UBERRIMAE FIDEI/F.S. 627.409)

Through its policy language the counterplaintiff has contracted around the right to void the policy based on an unintentional or lesser standard. A material *and* intentional, dishonest, *or* illegal representation is required to be shown prior to rescission.

## SEVENTH AFFIRMATIVE DEFENSE

### (FAILURE OF CONDITION PRECEDENT)

The counterplaintiff's claim for rescission is barred because the plaintiff has not been restored to the status quo. Specifically, the counterplaintiff has not returned the plaintiff's boat.

## CLAIM FOR ATTORNEY'S FEES

Pursuant to F.S. 627.428, the counterplaintiff's action is one seeking to void a policy of insurance and the plaintiff is entitled to attorney's fees for the successful defense of any part of the counterclaim.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable as the the plaintiff's original claim and the counterclaim.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send notice and service a true and correct copy of the foregoing on all counsel of record this 17th day of May, 2012.

/s/Michael V. Laurato\
MICHAEL V. LAURATO\
Florida Bar No. 181447\
AUSTIN & LAURATO, P.A.\
1902 W. Cass Street\
Tampa, Florida 33606\
(813)258-0624\
(813)258-4625 Facsimile\
mlaurato@austinlaurato.com\
TRIAL COUNSEL\
Attorney for Plaintiff