UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 11-22842-CIV-SEITZ/SIMONTON

EURYS GAMEZ,

    Plaintiff,

vs.

ACE AMERICAN INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Defendant Ace American Insurance Company's ("Ace") Motion for Summary Judgment [DE-37] against Plaintiff Eurys Gamez. This case arises out of the denial of coverage of a marine insurance contract after Gamez's boat was stolen. In its motion, Ace argues that it is not obligated to pay the amounts due under the federal maritime rule of *uberrimae fidae*, which generally provides that insureds in a marine policy must conduct themselves with the utmost faith in providing information to the insurer in connection with an insurance application. Gamez contends that Ace contracted out of the *uberrimae fidae* standard by using policy language which voids coverage only when there are intentional misrepresentations, and that there is a question of fact regarding whether the misstatements at issue were intentionally made. The Court has reviewed Ace's motion, Gamez's response [DE-39], and Ace's reply [DE-42]. In accordance with the controlling precedent of the Eleventh Circuit, under the terms of the insurance policy Ace and Gamez contracted out of the *uberrimae fidae* standard. Therefore, Ace's motion for summary judgment is denied.

## I. Undisputed Facts

In October 2007, Gamez executed an application for insurance for a 2008 32' Glasstream boat. Deposition of Eruys Gamez ("Gamez Dep.") [DE 38-2, 57: 11-21]. Gamez did not read the contents of the application before signing it, but instead relied on his cousin, Alfredo Hassun, to fill out the application. *Id.* According to Ace, the insurance application contains various misrepresentations pertaining to (1) the identity of the boat's primary and additional operators; (2) the location at which the boat was to be stored; (3) Gamez's previous boat ownership; and (4) Gamez's past experience with boats. Based on the Complaint, Gamez's boat and trailer went missing on or about November 23, 2007. Complaint [DE-1], at 2. Gamez sought coverage under the policy, but Ace refused on the grounds that the policy was void *ab initio* as a result of Gamez's misrepresentations on the insurance application.

The issue on this motion is framed by the language in the insurance application and policy that Ace issued to Gamez. The application includes the following language pertaining to disclosure of information:

> DISCLOSURE OF MATERIAL FACTS: Every proposer or insured when seeking new insurance or renewing an existing policy must disclose any information which might influence the company in deciding whether or not to accept the risk, what the terms should be, or what premiums to charge. Failure to do so may render the insurance void from inception and enable the company to repudiate liability. Signing this form does not bind the applicant to purchase the insurance or the company to accept the risk, but it is agreed that this form shall be the basis of the contract should a policy be issued.

[DE 38-1, at 3].

The relevant policy language pertaining to misrepresentations by an insured states as follows:

> **CONCEALMENT, MISREPRESENTATION OR FRAUD**: All coverage provided by us will be voided from the beginning of the Policy Period if you intentionally conceal or misrepresent any material fact or circumstance relating to this contract of insurance, *or the application for such insurance*, whether before or after a loss.

[DE 1-1, at 17] (emphasis supplied). The policy also contains an integration clause, which states:

> **CHANGES IN POLICY**: This policy contains all of the agreements between you and us. Its terms may not be changed or waived except by an endorsement issued by us.

[DE 1-1, at 16].

## II. Standard of Review

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is appropriate only in circumstances where "the evidence is such that a reasonable jury could [not] return a verdict for the nonmoving party." *Id.* The moving party bears the burden of proving that no genuine issue of material fact exists. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986).

## III. Analysis

Ace essentially argues that Gamez made misrepresentations in his marine insurance policy application that were material to its decision to provide coverage such that, under the marine insurance doctrine of *uberrimae fidei*, the policy is void as a matter of law. *Uberrimae*

*fidei* is the controlling law in the Eleventh Circuit, *HIH Marine Servs. v. Fraser*, 211 F. 3d 1359, 1362 (11th Cir. 2000), and "requires that an insured fully and voluntarily disclose to [the] insurer facts material to a calculation of the insurance risk. *Steelmet, Inc. v. Caribe Towing Corp.*, 747 F. 2d 689, 695 (11th Cir. 1984). "The duty to disclose extends to those material facts not directly inquired into by the insurer." *HIH Marine*, 211 F. 3d at 1362-63.

Under *uberrimae fidei*, "a material misrepresentation on an application for marine insurance is grounds for voiding the policy." *Id.*, at 1363. To void the policy, the insurer must show, first, that a misrepresentation or non-disclosure was indeed made by the insured prior to coverage attaching and, second, that this deficient disclosure was material to or relied upon by the insurer. *See Kilpatrick Marine Piling v. Fireman's Fund Ins.*, 795 F. 2d 940, 942-43 (11th Cir. 1986). Materiality is "that which could possibly influence the mind of a prudent and intelligent insurer in determining whether he would accept the risk." *Id.* An insurer does not need to show that the non-disclosure or misrepresentation was intentional or willful. Rather, the policy is voided "whether the concealment be due to fraud, negligence, accident, or mistake." *Kilpatrick*, 795 F. 2d at 943.

However, in *King v. Allstate Ins. Co.*, 906 F. 2d 1537, 1540 (11th Cir. 1990), the Eleventh Circuit held that the parties to a marine insurance contract may "contract-out" of state or federal law with regard to an insurance contract, so long as there is nothing void as to public policy or statutory law about such a contract. In *King*, as in this case, an insurance company issued a marine insurance policy including language advising the insured that the policy is "void if you intentionally conceal or misrepresent any material fact or circumstance, before or after a loss...." *Id.* at 1539. The issue before the Eleventh Circuit was whether *uberrimae fidae* or the

language of the policy – which required intentional conduct – governed the relationship between the parties. The Court held that (1) the terms of the insurance policy controlled the relationship between the insurer and the insured, and (2) pursuant to the terms of the policy, the parties had contracted out of *uberrimae fidei* and a showing of an intentional misrepresentation was required to void the policy. *Id.* at 1542.

The language of the Policy, like that at issue in *King*, indicates that Ace and Gamez contracted out of the non-intentional *uberrimae fidae* for a higher standard requiring intentional conduct. The policy clearly provides that coverage "will be voided from the beginning of the Policy Period if you *intentionally* conceal or misrepresent any material fact or circumstance relating to this contract of insurance." (emphasis added). This standard applies to statements made either in the policy itself "or the application for such insurance." Therefore, only intentional misstatements or omissions made in the application will void the policy. In its motion Ace does not contend that Gamez made any intentional misrepresentations in his insurance application. Therefore, Ace's motion for summary judgment must be denied.

Ace also argues that the Court should decline to follow *King* in this case because doing so would contravene Florida Statute Section 627.409(1).[1] In the Eleventh Circuit, "insurance

---

[1] Fla. Stat. § 627.409(1) provides

> (1) Any statement...made by...an insured...in an application for an insurance policy...is a representation.... A misrepresentation, omission, concealment of fact, or incorrect statement may prevent recovery under the contract or policy only if any of the following apply:
>
> > (a) The misrepresentation, omission, concealment, or statement is fraudulent or is material either to the acceptance of the risk or to the hazard assumed by the insurer.

5

statutes which assure the insured of certain basic protections...do not preclude the parties to an insurance contract from entering into an agreement more favorable to the insured than the statute prescribes." *William Penn Life Ins. Co. of New York v. Sands*, 912 F.2d 1359, 1363 (11th Cir.1990) (internal citations omitted). *See also State Farm Fire & Cas. Co. v. Oliver*, 854 F. 2d 416, 419-420 (11th Cir. 1988) ("[O]nce [the insurer] has set its own standard by contract for judging misrepresentations and concealment, it cannot rely on a statute that imposes more stringent requirements on an insured.").

Here, the unambiguous language in the Ace insurance policy provides that coverage will be cancelled only in the event of an intentional misrepresentation by Gamez. As a threshold matter, the insurance policy contains an integration clause stating that "the policy contains all of the agreements" between Ace and Gamez. Moreover, the policy plainly provides that coverage will be voided if Gamez intentionally conceals or misrepresents any material fact relating to the policy *or the application* for the insurance policy. In other words, only intentional misrepresentations of material fact in the application will void the policy. *See Sands*, 912 F.2d at 1364 (holding that the language in an insurance application – which provided for a less stringent standard to the insured than section 627.409 – applied to the insured's alleged misrepresentations in the application).

In its motion, Ace does not allege that Gamez made any intentional representations on the

---

(b) If the true facts had been known to the insurer pursuant to a policy requirement or other requirement, the insurer in good faith would not have issued the policy or contract, would not have issued it at the same premium rate, would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss.

insurance application. Because the insurance policy states that coverage will be voided as a result of an insured's intentional misrepresentation, the parties contracted out of the *uberrimae fidei* standard. Accordingly, it is

ORDERED that Defendant Ace American Insurance Company's ("Ace") Motion for Summary Judgment [DE-37] is DENIED.

DONE AND ORDERED in Miami, Florida, this 30th day of November, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record