## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-22842-CIV-SEITZ/SIMONTON

EURYS GAMEZ,

       Plaintiff,

vs.

ACE AMERICAN INSURANCE COMPANY,

       Defendant.

_____/

## JURY INSTRUCTIONS

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will hear counsels' closing arguments.  Once counsel have completed their arguments, I will instruct you to go to the jury room and begin your discussions–what we call your deliberations.

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

3

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.  In this case, Alfredo Hassun was Gamez's agent.  Therefore, Gamez is responsible for all of Hassun's acts or statements made in the course and scope of the insurance application or contract of insurance, either before or after the alleged loss.  Thus, any statement or act of Hassun is considered under the law as a statement or act of Gamez.  For the purposes of these instructions and the verdict form any reference to Gamez includes Hassun.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted.  But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I've said that I have any opinion about any factual issue in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions.  You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.  There's no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true and accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

In this case it is the responsibility of Plaintiff to prove every essential part of his claim by a "greater weight of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "greater weight of the evidence" simply means an amount of evidence that is enough to persuade you that Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a greater weight of the evidence, you should find against the Plaintiff.

In deciding whether any fact has been proved by a greater weight of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Plaintiff's claim by a greater weight of the evidence, you should find for the Defendant as to that claim.

In this action, Gamez and ACE American entered into a written marine insurance contract to provide insurance coverage on Gamez's vessel.   A contract is an agreement establishing the parties' rights and duties.  Gamez is suing ACE American for breach of its duty under the insurance contract.

The duty of ACE American under this contract was to provide insurance coverage for accidental direct physical loss or damage to the insured vessel and trailer subject to the policy limits, duties, conditions, and exclusions.

The issue for your determination regarding Gamez's breach of contract claim is whether ACE American breached its duty to Gamez by not paying for the alleged damages for the loss of Gamez's vessel and trailer.  In order to establish that ACE American breached the insurance contract, Gamez must prove, by a greater weight of the evidence, the following facts: (1) that there was a valid insurance policy on the vessel in effect at the time of the loss; (2) that Gamez complied with all conditions precedent to recovery; and (3) that the vessel suffered accidental direct physical loss or damage.  To establish the third fact, Gamez does not have to prove the precise cause of loss, but he must establish that the loss was accidental and not the result of his or Hassun's intentional acts.  "Accidental direct physical loss or damage" means any event which is unforeseen, unexpected, and so far as the parties are concerned is dependent upon chance.

If the greater weight of the evidence does not support each of the three facts on Gamez's claim, then your verdict should be for ACE American.  However, if the greater weight of the evidence supports each of the three facts on Gamez's claim then you should consider the defenses raised by ACE American.

ACE American has raised defenses under three separate provisions of the insurance policy.

On the first defense the issue for your determination is whether Gamez or Hassun fraudulently misrepresented material facts relating to the insurance application, or the contract of insurance, before or after the alleged loss.

On the second defense, the issue for your determination is whether Gamez or Hassun provided ACE American with proper notice of the loss by reporting the alleged loss to ACE American in writing as soon as possible after the occurrence of the alleged loss.

On the third defense, the issue for your determination is whether Gamez, Hassun, or any person to whom the vessel was entrusted, was engaged in dishonest, illegal, or intentional acts at the time of the alleged loss, thereby precluding coverage under the terms of the policy.

A breach or violation by Gamez or Hassun of any provision of the insurance policy or the application thereof does not void the policy or constitute a defense to a loss thereon, unless the breach or violation increased the hazard by any means within the control of Gamez or Hassun. In a moment, I will provide additional instructions as to the first and second defenses.

If the greater weight of the evidence supports a defense, your verdict should be for ACE American. However, if the greater weight of the evidence does not support any of the defenses and supports Gamez's claim, your verdict should be for Gamez and against ACE American.

As I said just a moment ago, ACE American's first affirmative defense is that Gamez or Hassun fraudulently misrepresented or concealed material facts on the application for insurance with ACE American. ACE American alleges that Gamez or Hassun made false statements as to the knowledge they had concerning the condition and whereabouts of the vessel, as well as intentional misrepresentations on the application for insurance concerning the real owner of the vessel and the location where the vessel was being stored.

The insurance policy involved in this case provides that "[a]ll coverage provided by [ACE American] will be voided from the beginning of the Policy Period if [the insured] intentionally conceals or misrepresents any material fact or circumstances relating to the contract of insurance, or the application of such insurance, whether before or after a loss." This is a valid provision, and by its terms, if any false statement by Gamez or Hassun was intentionally and willfully made concerning a fact material to inquiry, such a statement would be fraudulent and the policy would be rendered void.

Thus, to establish its affirmative defense based on fraud, ACE American must prove each of the following elements by a greater weight of the evidence: (1) that Gamez or Hassun falsely misrepresented or concealed a specific, material fact; (2) that Gamez or Hassun knew or should have known that the representation was false; (3) that Gamez or Hassun willfully made the representation or concealment with the intention of defrauding ACE American; (4) that Gamez or Hassun intended to induce ACE American to act on the representation or concealment; and (5) that the representation made was one that would affect the liability of ACE American to pay a certain amount of money. Because not every misstatement qualifies as fraud, where, as here, the express language of an insurance contract prohibits intentional acts of concealment,

misrepresentation or fraud, the insurer bears the heavy burden of establishing that the conduct complained of was a willful, intentional misrepresentation of fact.

The word "material," as used in these instructions, means that the subject matter of the statement or concealment related to a fact or circumstance that would be important to the decision to be made as distinguished from an insignificant, trivial or unimportant detail; that is, to be material, an assertion or concealment must relate to a fact or circumstance that would affect the liability of the insurer or the amount it owed.

The words "intended", "intention", and "intentional," as used in these instructions, mean to say or do something deliberately, consciously and voluntarily.

The word "willfully," as used in these instructions, means to say or do something purposely and in bad faith, with the specific intent to accomplish a wrongful result.

The words "defraud" or "fraudulent," as used in these instructions, mean the making of any untrue statement of fact that is then known to be untrue by the person making the statement, or making a statement with reckless indifference as to its truth or falsity, and making such statement with the intent to deceive. A "fraudulent" statement or representation may also be made by statements of misleading half-truths, or a deliberate concealment of material facts, when done with intent to deceive.

If you find from a greater weight of the evidence that Gamez or Hassun intentionally and willfully misrepresented or concealed any material facts or circumstances relating to this insurance or on the application for insurance, before or after the loss, then your verdict should be in favor of ACE American. If, however, the greater weight of the evidence does not support that Gamez or Hassun made an intentional material misrepresentation, or deliberately concealed a material fact, then the verdict should be for Gamez on this issue.

On its second defense, ACE contends that Gamez violated a provision of the policy by failing to provide proper and timely notice of the loss. The insurance policy obligates Gamez to report the alleged loss to ACE American in writing as soon as possible after the occurrence of the alleged loss. To establish this late notice defense, ACE must show, by the greater weight of the evidence, that Gamez failed to provide timely notice of the loss as soon as a reasonable person would do so under the circumstances.

The law is that when notice of a possible claim is not given to an insurance company, there is a presumption that the insurance company was harmed by the insured's failure to provide notice. However, Gamez may overcome this presumption by showing, by the greater weight of the evidence, that the insurance company was not prejudiced by the insured's failure to provide notice.

If you find that ACE proved by the greater weight of the evidence that Gamez violated the notice provision of the policy and that ACE was prejudiced thereby, then your verdict should be in favor of ACE American. If, however, the greater weight of the evidence does not support that Gamez violated the notice provision of the policy and that ACE was prejudiced thereby, then the verdict should be for Gamez on this issue.

13

If you find for ACE American, you will not consider the matter of damages.  If you find

for Gamez, the Parties have agreed that Gamez is owed the amount of the policy, so you do not

need to consider the issue of damages.  Moreover, the issues as to attorneys' fees and costs are

for the Court to determine.

14

In this case you have been permitted to take notes during the course of the trial, and most of you – perhaps all of you – have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory. In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree.

Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors.  So you must discuss the case with one another and try to reach an agreement.  While you're discussing the case, don't hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in Court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question on the forms I have provided and pass the note to the court security officer who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-22842-CIV-SEITZ/SIMONTON

EURYS GAMEZ,

       Plaintiff,

vs.

ACE AMERICAN INSURANCE COMPANY,

       Defendant.

_____/

## VERDICT FORM

We, the jury, make the following findings:

1. That the Plaintiff, EURYS GAMEZ, has proven his breach of contract claim by the greater weight of the evidence.

          YES_____           NO_____

If your answer to question 1 is NO, then your verdict is for Defendant, ACE American Insurance Company, and you should go no further except to have the foreperson sign and date the verdict form and return it to the courtroom. If your answer to question 1 was YES, then you should proceed to answer questions 2.

2. That the Defendant, ACE American Insurance Company, established by a greater weight of the evidence that the Plaintiff, EURYS GAMEZ, failed to provide ACE American Insurance Company with proper Notice of the Loss as required in the insurance contract.

          YES_____           NO_____

If your answer to question 2 is YES, then your verdict is for Defendant, ACE American Insurance Company, and you should go no further except to have the foreperson sign and date the verdict form and return it to the courtroom. If your answer to question 2 was NO, then you should proceed to answer question 3.

3. That the Defendant, ACE American Insurance Company, established by a greater weight of the evidence that the Plaintiff, EURYS GAMEZ, intentionally misrepresented any material fact or circumstance related to the application of insurance or contract of insurance before or after the alleged loss.

YES_____          NO_____

If your answer to question 3 is YES, then your verdict is for Defendant, ACE American Insurance Company, and you should go no further except to have the foreperson sign and date the verdict form and return it to the courtroom. If your answer to question 3 was NO, then you should proceed to answer question 4.

4. That the Defendant, ACE American Insurance Company, established by a greater weight of the evidence that the insured vessel was used, either by EURYS GAMEZ or by someone to whom he entrusted the vessel, in a dishonest, illegal or intentional act at the time of the alleged loss.

YES_____          NO_____

If your answer to question 4 is YES, then your verdict is for Defendant, ACE American Insurance Company, and you should have the foreperson sign and date the verdict form and return it to the courtroom. If your answer to question 4 was NO, then your verdict is for Plaintiff, Eurys Gamez, and you should have the foreperson sign and date the verdict form and return it to the courtroom.

SO SAY WE ALL this ____ day of _____, 2013.


__SAMPLE_____
Foreperson Signature


__SAMPLE_____
Foreperson Name (Print)

2